JS 44 (Rev. 3/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. Previous Bankruptcy Matters
(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## IX. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**X. This case** (check one box) ☐ Is not a refiling of a previously dismissed action  ☐ is a refiling of case number _____ previously dismissed by Judge _____

**DATE** _____ **SIGNATURE OF ATTORNEY OF RECORD** _____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KEVIN LARSON | ) | Case No. 19-30576 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |

### TRUSTEE'S MOTION TO WITHDRAW THE REFERENCE

Catherine Steege, not individually but solely as chapter 7 trustee (the "**Larson Trustee**") for the chapter 7 bankruptcy estate of Kevin Larson (the "**Debtor**") moves this Court pursuant to 28 U.S.C. §157(d) to withdraw the reference solely to allow the District Court to rule upon the Larson Trustee's Motion For Authorization To Sign Mutual Release (Bankr. Dkt. No. 44, the "**Settlement Motion**"), and states:

### INTRODUCTION

1. The Larson Trustee respectfully requests that the District Court withdraw the reference to the Bankruptcy Court of the Debtor's chapter 7 case for the limited purpose of allowing the District Court to decide the Settlement Motion. The Settlement Motion seeks authorization for the Larson Trustee to execute a Mutual Release, which is a critical part of a larger settlement agreement (the "**Brian Flynn Settlement**") between Frances Gecker, not individually but as trustee of the bankruptcy estate of Emerald Casino, Inc. (the "**Emerald Trustee**") and the Brian J. Flynn June, 1992 Non-Exempt Trust (the "**Brian Flynn Trust**"). That larger Brian Flynn Settlement also is pending before the District Court. Because the Brian Flynn Settlement—and indeed all of the supplemental proceedings to collect on the Emerald Trustee's judgment have been pending before Chief Judge Rebecca Pallmeyer in the District Court since May 2016, the Trustee submits that considerations of judicial economy and conservation of resources strongly support withdrawing the reference so that the same Court which has overseen

the supplemental proceedings in District Court Case No. 11-cv-4714 may rule upon the reasonableness of this Settlement Motion.

## BACKGROUND

2. On June 13, 2002, certain creditors filed an involuntary bankruptcy petition against Emerald seeking to have Emerald found to be a debtor in a case under chapter 7 of title 11 of the United States Code.

3. On September 10, 2002, Emerald consented to the involuntary bankruptcy petition and converted the involuntary chapter 7 petition to a chapter 11 case, which bankruptcy case has been and remains pending in the United States Bankruptcy Court for the Northern District of Illinois as Case No. 02 B 22977 (the "**Bankruptcy Case**").

4. On or about February 28, 2006, Donald F. Flynn and Kevin F. Flynn entered into certain indemnity agreements with Kevin Larson, Joseph McQuaid, and John P. McMahon (the "**2006 Indemnity Agreements**") related to the lawsuit brought by certain creditors of Emerald captioned *Estate of Walter Payton v. Flynn*, pending in the United States District Court as Case No. 06 C 0465 or any successor court to which the case may be transferred (the "**Payton Claims**").

5. On March 19, 2008, the Bankruptcy Court converted the Bankruptcy Case to one under chapter 7 of title 11 of the United States Code.

6. On March 21, 2008, the United States Trustee appointed the Emerald Trustee as the interim chapter 7 trustee and the Emerald Trustee subsequently became the permanent case trustee.

7. On November 25, 2008, the Emerald Trustee acquired the Payton Claims pursuant to an agreement approved by the Bankruptcy Court.

8. On December 1, 2008, the Emerald Trustee removed the Payton Claims to the Bankruptcy Court and amended the Payton Claims to include certain additional claims of the Emerald Estate against Donald F. Flynn, Kevin F. Flynn, Joseph F. McQuaid, Kevin Larson, Walter P. Hanley, and John P. McMahon (the "**Flynn Defendants**") and Peer Pedersen, which suit was docketed as Adversary Proceeding Case No. 08 A 00972.

9. On January 31, 2012, the United States District Court for the Northern District of Illinois withdrew the reference of Adversary Proceeding Case No. 08 A 00972 and docketed the adversary proceeding in the District Court as Civil Case No. 11 cv 4714 (the "**Lawsuit**").

10. On September 30, 2014, the District Court entered a Memorandum Opinion and Order ruling for the Emerald Trustee on her breach of contract claim against all of the Defendants except Peer Pedersen. On January 12, 2016, the District Court entered a judgment in favor of the Emerald Trustee and against each of the non-settling Defendants in the amount of $45,333,333.33.

11. On August 11, 2017, the United States Court of Appeals for the Seventh Circuit affirmed in part and reversed in part the District Court's January 12, 2016 judgment. On October 17, 2017, the District Court entered a joint and several judgment against the Defendants (except the Estate of Donald Flynn and Walter Hanley, both of whom had previously settled with the Emerald Trustee) in the amount of $219,666,666.66 (the "**Judgment**").

12. In May, 2016, the Emerald Trustee initiated supplementary proceedings to collect her Judgment. Since then, the Emerald Trustee has collected some amounts on her judgment from two of the other defendants, but, as of the Debtor's petition date, $174,801,136.09 in principal and interest remained outstanding.

3

13. On October 28, 2019, Kevin Larson filed his chapter 7 petition. (Bankr. Dkt. 1.) At the first meeting of creditors on December 13, 2019, the Debtor's creditors elected the Larson Trustee, which election was confirmed by the Court on December 19, 2019. (Bankr. Dkts. 9, 16.)

14. By far, the largest claim against the Debtor is a claim for approximately $175 million held by the Emerald Trustee on account of the Judgment in the Emerald Lawsuit.

15. On November 25, 2019, the Emerald Trustee filed a proof of claim in the amount of $174,801,136.09 based on her Judgment against the Debtor. (Claim No. 1-1.)

16. The Debtor lists on his amended Schedules A/B an "[i]ndemnification agreement to pay attorneys' fees and liability re: Gecker v. Flynn, value per appx. current outstanding judgment balance," with an approximate value of $177 million. (Dkt. 37 at 5.) Based on her investigation, including a June 26, 2020 examination of the Debtor, the Larson Trustee determined that the Debtor is party to an agreement under which Donald Flynn, the Kevin F. Flynn June, 1992 Non-Exempt Trust, and the Brian J. Flynn June, 1992 Non-Exempt Trust (the "**Brian Flynn Trust**" and, collectively with the other non-Debtor parties, the "**Flynn Parties**") are obligated to indemnify the Debtor for his share of the Judgment (the "**Indemnification Agreement**").

17. In addition to pursuing her claim against the Debtor, the Emerald Trustee has been pursuing collection of the Emerald Judgment directly against the Brian Flynn Trust based on the Brian Flynn Trust's agreement to share all costs related to Emerald with the other Flynn Parties, including any judgments or settlements related to Emerald. To that end, the Emerald Trustee engaged in mediation with representatives for the Brian Flynn Trust.

4

18. The parties reached an agreement and, on September 8, 2020, the Emerald Trustee executed the Brian Flynn Settlement. Under the Brian Flynn Settlement, the Brian Flynn Trust will pay the Emerald Trustee $10.75 million in exchange for broad releases of the Flynn Parties and other related entities. The Emerald Trustee has also filed a motion to the Brian Flynn Settlement and a motion to withdraw the reference.

19. Representatives for the Brian Flynn Trust made clear during negotiations that any settlement was contingent on the Flynn Parties obtaining releases from several parties, including the Larson Trustee in this case.

20. Accordingly, the Settlement Motion seeks authorization for the Larson Trustee to sign the Mutual Release. Under the Mutual Release, the Trustee provides and receives broad releases to and from Brian J. Flynn, the Brian Flynn Trust, Robert Flynn (individually and as trustee of the Brian Flynn Trust), and all predecessor and successor trustees and other fiduciaries of the Brian Flynn Trust (the "**Brian Flynn Entities**").

21. In the interests of judicial economy and conservation of resources, the Larson Trustee hereby seeks a limited withdrawal of the reference so that the District Court can hear and decide the Settlement Motion in the context of the larger Brian Flynn Settlement also before the Court.

**ARGUMENT**

22. Although district courts have original jurisdiction over all bankruptcy cases (*see* 28 U.S.C. § 1334(a)), in this District, the district courts have automatically referred all such cases to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and Northern District Local Rule 40.3.1. Section 157(d), however, provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any

5

party, for cause shown." 28 U.S.C. § 157(d); *see also* Fed. R. Bankr. P. 5011 ("A motion for withdrawal of a case or proceeding shall be heard by a district judge.").

23. This Court has "broad discretion in determining whether to withdraw a reference based on cause." *Grochocinski v. LaSalle Bank Nat'l Assoc.,* 382 B.R. 443, 446 (N.D. Ill. 2007). The statute does not define "cause" but courts have considered "a number of factors, including whether the claim or proceeding is core or non-core, considerations of judicial economy, convenience, the particular court's knowledge of the facts, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial." *Id.*

24. Considerations of judicial economy justify the withdrawal of the reference with respect to the Settlement Motion. This Court has already withdrawn the reference to the Bankruptcy Court of the adversary proceeding, Case No. 11-cv-4714, and has been overseeing the Emerald Trustee's extensive supplemental proceedings to collect on her judgment since May, 2016. In order to enter into the Mutual Release, however, approval is required pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 9019. Because the dispute being settled by the Settlement Motion relates directly to the case pending before this Court in Case No. 11-cv-4714, considerations of judicial economy and conservation of resources strongly support withdrawing the reference so that this Court may rule upon the appropriateness of the settlement of those very claims as requested by the Settlement Motion.

## CONCLUSION

For all of the foregoing reasons, the Larson Trustee respectfully requests that this Court enter an order withdrawing the reference of the Debtor's chapter 7 bankruptcy case for the limited purpose of deciding the Settlement Motion, and granting any other relief the Court deems just or proper.

Respectfully submitted,

CATHERINE STEEGE, not individually but as Trustee for Kevin Larson

BY:      */s/ Catherine Steege*
              One of Her Attorneys

Dated: September 11, 2020

Catherine Steege (06183529)
John VanDeventer (6315809)
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
PH:     312/222-9350
FAX:    312/527-0484